IN THE UNITED STATES DISTICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| JAMES FORTUNE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3:18-CV-00859 |
| JACKTHREADS INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF FINAL JUDGMENT BY DEFAULT**

Plaintiff, James Fortune ("Plaintiff"), by counsel, states as follows in support of his Motion for Entry of Final Judgment by Default against defaulting Defendant JackThreads, Inc. ("JackThreads").

On December 9, 2019 this court awarded Plaintiff's Request for Entry of Default. Plaintiff now seeks substantial monetary damages due to JackThreads' willful infringement of his copyrighted work. JackThreads has profited by the illegal use of Plaintiff's copyrighted material. Plaintiff took the necessary steps and had his works registered with the United States Copyright Office. Whereas, JackThreads marketed and sold unauthorized apparel and pocketed the profits with no regard for the Plaintiff. Plaintiff respectfully request that judgment be entered against JackThreads for the reasons and in the amounts set forth below.

## I. PROCEDURAL HISTORY

Plaintiff initiated this action on December 13, 2018, by filing a Complaint for violation of his intellectual property rights for the purpose of profit alleging violation of Plaintiff's exclusive rights under 17 U.S.C. § 106, constituting infringement of his copyrights. (DKT#1)

On February 5, 2019, Plaintiff filed an amended Complaint against Thrillist Media Group, Inc., ("Thrillist") for violation of his intellectual property rights for the purposes of profit alleging violation of Plaintiff's exclusive rights under 17 U.S.C. § 106, constituting infringement of his copyrights. (DKT#4). Then on March 7, 2019, Plaintiff filed a Second Amended Complaint against Thrillist and JackThreads for violation of his intellectual property rights for the purposes of profit, alleging violation of Plaintiff's exclusive rights under 17 U.S.C. § 106, constituting infringement of his copyrights. (DKT#7). On April 30, 2019, the Court entered an Order dismissing without prejudice the claims against Thrillist, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (DKT#16)

On May 16, 2019, a summons was issued to the remaining Defendant, JackThreads. (DKT#19). By way of private process server on May 31, 2019, the Plaintiff attempted to perfect service of Summons and Second Amended Complaint through the Delaware Secretary of State. (DKT#20). After receipt of service on JackThreads, Plaintiff filed a Request for Entry of Default against JackThreads. (DKT#22). On September 24, 2019, the Court denied Plaintiff's Request for Entry of Default declaring that service on JackThreads was not perfected. (DKT#23)

On October 1, 2019, another Summons was issued against JackThreads for service on United Corporate Services, Inc. who was listed at that time with the Delaware Corporation Commission as JackThreads' registered agent. (DKT#25). On October 2, 2019, private process

server, by way of the Plaintiff, served the Summons, the Complaint, the Amended Complaint and the Second Amended Complaint on JackThreads through its registered agent, United Corporate Services, Inc. (DTK#26). On October 3, 2019 JackThreads' registered agent notified Plaintiff that they "no longer have a viable point of contact for JackThreads, Inc." According to the Delaware State Corporation Commission website, however, United Corporate Services, Inc. continues to be listed as the registered agent for JackThreads. Plaintiff's Counsel reviewed the Delaware Department of State, Division of Corporations, Registered Agent Information. As of that date, United Corporate Services, Inc. was still listed as the registered agent for JackThreads. *(DKT#27 at* ¶14 and at Exhibit B attached thereto)*.*

On November 5th, 2019 Plaintiff filled an Affidavit in Support of Request for Entry of Default. (DKT#27). On December 9, 2019, this court granted the Plaintiff's Motion for Entry of Default. (DKT#29)

## II. JAMES FORTUNE'S COYRIGHTED WORKS AND JACKTHREADS INFRINDGEMENT.

Plaintiff is a professional photographer and has for decades specialized in taking, collecting, and marketing photographs of famous persons in the entertainment business, including but not limited to famous musicians. *Exhibit A* at *¶ 2* (Affidavit of James Fortune in Support of Motion for Entry of Default ("Fortune Aff.") Plaintiff's photographs are of great value and have been registered with the United States Copyright Office. *Id. a*t 2.

Plaintiff started working as a photographer in the mid-to-late 1960's while attending college at Woodland Hills, California as a photo editor for the college newspaper. *Id. a*t 3. He sought out record labels for access to take photographs of musicians. *Id. a*t 3. Elektra Records agreed and was granted access to the recording room to photograph The Doors. *Id. a*t 3. This

3

college experience would help launch his career as a professional photographer in the music field. *Id. a*t 3.

From 1968 through 1970, Plaintiff served in active duty as a photographer in the Pacific, including Vietnam, with the U.S. Navy Pacific Fleet Combat Camera Group. *Id. a*t 4. Upon concluding his service in the Navy, Plaintiff returned to California to further pursue his trade. *Id. a*t 4. Over the next decades, Plaintiff would photograph some of the most iconic musicians and bands in history, including but not limited to Led Zeppelin, Paul McCartney, The Rolling Stones, Elton John, Fleetwood Mac, The Doors, The Bee Gees, Glenn Fry, The Eagles and many others. *Id. a*t 4.

Plaintiff has also photographed Presidents including Gerald Ford and Jimmy Carter. *Id. a*t 5. His photography catalog includes over 15,000 photographs from the 1960s and 1970s. *Id. a*t 5. Plaintiff has received many accolades, including presenting his photographs at The Rock Art Show and being featured on CNN, Entertainment Tonight, E! and in the Washington Post. *Id. A*t 5.

It came to Plaintiff's attention that a reproduction of his copyrighted Ringo Starr, Mick Jagger, and Jimmy Page works ("Infringed Works") were advertised as being up for sale on https://milled.com/JackThreads/good-wood-rock-icon-canvas-prints-ben-sherman-ties-man-ssentials-by-wilouby-new--JIj_88FZMOnFj8wW in violation of his intellectual property rights for the purposes of profit. *Id. a*t 6. *See Second Amended Complaint* (DKT#7 at ¶9); *See also Exhibit A* (Fortune Aff.) at ¶ 6.

JackThreads is an International Company that markets and sells apparel, footwear and accessories to men. "Empowering guys everywhere to look like a million bucks without spending a million bucks." is their Company Mission on their Facebook page. *Exhibit B*. To offer low cost clothing and merchandise JackThreads has undercut the Plaintiff by not paying the royalties

required for copyrighted clothing and accessories. This violation of intellectual property allowed JackThreads to pocket all the profits. JackThreads has marketed and sold illegal copyrighted clothing to an International audience. Their Company Overview states that they curate a selection of exclusive merchandise. *Id.* This "exclusive merchandise" includes the illegal use of the Plaintiff's copyrighted material to set them apart from other men's' clothing websites.

### III. ARGUMENT AND DAMAGES.

#### A. Plaintiff has established liability through the entry of default and through his affidavit.

The Copyright Act, 17 U.S.C. §501(a) provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by Sections 106 through 122 [U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106(a)] . . . is an infringer of the copyright or right of the owner, as the case may be." 17 U.S.C. § 501(a). Liability for copyright infringement occurs when a Plaintiff can prove (1) Plaintiff's ownership of a copyright, and (2) defendant's copying of the Works. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340 (1991).

Upon entry of default, all well-pleaded allegations in a Complaint are taken as true. *See e.g. Ryan v. Homecomings Fin. Network*, 253 F.3d 778 (4th Cir. 2001).[1] Plaintiff alleged that he registered the photograph with the United States Copyright Office on November 4, 1999, complying in all respects with the registration and deposit requirements of the Copyright Act of 1976, as amended. *Second Amended Complaint* (DKT#7 at ¶10); *see also, Exhibit A* at ¶7 ("Fortune Aff."). The Infringed Works are covered by Certificate of Registration VA 477-427. *Id.* Thus, Plaintiff has proven ownership of a copyright.

---

[1] In addition, Mr. Fortune has provided an affidavit addressing the liability issues.

JackThreads advertised as being up for sale on https://milled.com/JackThreads/good-wood-rock-icon-canvas-prints-ben-sherman-ties-man-ssentials-by-wilouby-new--JIj_88FZMOnFj8wW in violation of Plaintiff's intellectual property rights in the Infringed Works. See attached hereto as Exhibit "A" a copy of the Infringed Works as it appeared on their website. *Second Amended Complaint* (DKT#7 at ¶9); *see also Exhibit A* ("Fortune Aff.") at ¶6. JackThreads' use of the Infringed Works was for the purpose of making a monetary profit. Accordingly, Plaintiff has proven liability for copyright infringement.

B. **Plaintiff is entitled to statutory damages.**

Where timely registered works are infringed, as occurred here, the Copyright Act authorizes statutory damages. 17 U.S.C. § 504(c)(1). Plaintiff is entitled to receive a sum of not less than $750.00 or more than $30,000.00 per work as statutory damages. *Id.* The Court has broad discretion in establishing the amount of statutory damages. *Shell Oil Co. v. Commercial Petroleum*, 924 F.2d 104, 108 (4th Cir. 1991). JackThreads has frustrated Mr. Fortune's ability to prove actual damages by not responding to the lawsuit and, accordingly, not participating in discovery that would have allowed Plaintiff to ascertain the profit JackThreads made by infringing his works.

"[C]ourts in this District have held that a statutory damages award between two and three times the amount of licensing fees that a plaintiff would have received is appropriate. *See EMI April Music Inc. v.* White, 618 F. Supp. 2d 497, 508-09 (E.D.Va. 2009). Plaintiff typically charges $300.00 per work as a license fee. *Exhibit A* ("Fortune Aff.") at *¶8*. However, given JackThreads use of the works for profit by selling reproductions over the internet, the license fee would be much greater than, for example, the singular use of a photograph in an article. This is particularly so given the notoriety of the subjects of the photographs - - Ringo Starr, Mick Jagger, and Jimmy

Page. *Id* at ¶ 8. Plaintiff requests statutory damages in the amount of $9,000.00, which is three times a reasonable fee of $3,000.00 per work.

      **C.**      **Plaintiff is entitled to enhanced damages for the willful infringement of the Defendant.**

Plaintiff also seeks enhanced damages for willfulness in the amount of $15,000.00 pursuant to 17 U.S.C. §504 (c)(2). Where, as here, infringement is "willful," the amount may be as high as $150,000 for each infringed work. *Id.* Congress increased the maximum from $100,000 to $150,000 because it found large awards to be necessary and desirable to deter the great temptation to infringement posed by modern computer technology. H.R. Rep. No. 106-216 (1999), pp. 6-7. In this case, JackThreads took advantage of the modern computer technology addressed by Congress to profit from Plaintiff's copyrighted works.

The critical purpose of deterring similar misconduct permits a maximum per work award for willful infringement, even where the infringement caused little or no damage. *Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply co.,* 74 F.3d 488, 496-97 (4th Cir. 1996) (collecting authority and sustaining maximum awards despite no proof of actual damages); *F.W. Woolworth Co v. Contemporary Arts, Inc.,* 344 U.S. 228, 234 (1952) (for willful infringement a maximum award is permissible "even for uninjurious and unprofitable invasions").

Willful infringement occurs when the infringer acted with "actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright*." Lyons Partnership v. Morris Costums*, 243 F.3d 789, 799 (4th Cir. 2000). Plaintiff was not afforded the opportunity to discovery facts concerning JackThreads' use of the Infringed Works. Accordingly, JackThreads conduct should be considered willful based on their default. *See, Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp.2d 1310, 1313 (S.D. Fla. 2003). In addition, the Infringing Works consist of photographs of very famous musicians such as Ringo Starr, Mick Jagger, and Jimmy

Page. It was, at the very, a least reckless disregard of Mr. Fortune's rights by JackThreads to publish reproductions of these works for sale as photographs of such famous people are very likely to be afforded copyright protection. Thus, Plaintiff should be entitled to an award of enhanced damages in the amount of $15,000.00.

    **D.**    **Plaintiff is entitled to the recovery of attorney's fees and costs.**

Pursuant to 17 U.S.C. §505, "the court in its discretion may allow the recovery of full costs by or against any party…the court may also award reasonable attorney's fees to pay the prevailing party as part of the costs." Upon entry of final judgment, Plaintiff is the prevailing party in this action. In view of JackThreads willful infringement and failure to defend or participate in these proceedings an award of full costs and attorney's fees to Plaintiff is appropriate. Plaintiff requests the Court award costs and attorney's fees in the amount of $9,624.57 consisting of costs in the amount of $828.57 and fees in the amount of $$8,796.00. *Exhibit C* (Sensenig Declaration).

    **E.**    **Plaintiff is entitled to the entry of a permanent injunction.**

Finally, Plaintiff is entitled to a permanent injunction to prevent infringement of his works. 17 U.S.C. §502(a). Plaintiff respectfully requests a permanent injunction against JackThreads, its employees, agents, officers, directors, successors, affiliates, subsidiaries and assigns prohibiting them from directly or indirectly infringing Plaintiff's copyrights or continuing to market, sell, offer, reproduce, develop or manufacture any works derived or copied from either Plaintiff's Infringed Works or to participate or assist in any such activity.

**IV.**    **CONCLUSION**

For the reasons stated above, and based on the supporting evidence, Plaintiff, requests that a default judgment be entered against JackThreads including an award of statutory damages in the amount of $9,000.00, an award of enhanced damages in the amount of $15,000.00, an award of

attorney's fees and costs in the amount of $9,624.57, and injunctive relief as stated above, along with any additional relief the Court deems necessary and proper.

                Respectfully Submitted,

By:   /s/ David J. Sensenig

David J. Sensenig (VSB No. 41102)
PARK SENSENIG LLC
2310 West Main Street
Richmond, Virginia 23220
(804) 417-6085 (Main)
(804) 417-6089 (Direct)
(888) 552-1781 (Fax)
david.sensenig@parksensenig.com
*Counsel for Plaintiff*