IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES FORTUNE,                )
                              )
              Plaintiff,      )
                              )
v.                            )          Civil Action No. 3:18cv859–HEH
                              )
THRILLIST MEDIA GROUP, INC.,  )
*et al.*,                     )
                              )
              Defendants.     )

## FINAL ORDER

THIS MATTER is before the Court following a hearing on the issues of damages

and injunctive relief.  James Fortune ("Plaintiff") filed a Motion for Entry of Final

Judgment by Default on January 31, 2020, seeking statutory damages, attorney's fees and

costs, and injunctive relief (ECF No. 31).[1]  JackThreads, Inc. ("Defendant") failed to

appear or defend this action in this Court, and this Court granted Plaintiff's Motion with

respect to liability on February 24, 2020 (ECF Nos. 31, 33).

On July 1, 2020, the Court conducted a hearing to determine the issues of

damages, attorney's fees and costs, as well as whether injunctive relief was appropriate.

At the hearing, Plaintiff reiterated the evidence submitted with his memorandum

---

[1] Plaintiff's initial Complaint named only JackThreads, Inc. as a Defendant (ECF No. 1).
Plaintiff later filed his Amended Complaint on February 5, 2019, naming only Thrillist Media
Group, Inc. as a Defendant (ECF No. 4).  Finally, on March 7, 2019, Plaintiff filed his Second
Amended Complaint, naming both JackThreads, Inc. and Thrillist Media Group, Inc. as
Defendants (ECF No. 7).  The claim against Thrillist Media Group, Inc. was subsequently
dismissed without prejudice by Plaintiff on April 30, 2019 (ECF No. 16).  Therefore, only the
claim against Defendant JackThreads, Inc. for copyright infringement remains.

supporting the allegations regarding damages, injunctive relief, and attorney's fees and costs in the Second Amended Complaint. Specifically, Plaintiff requested an award of statutory damages in the amount of $9,000.00, an award of enhanced damages in the amount of $15,000.00, an award of attorney's fees and costs in the amount of $9,624.57, and a permanent injunction. (Pl.'s Mem. Supp. Default J. [hereinafter Pl.'s Mem.] at 8–9, ECF No. 32.)

A "copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action." 17 U.S.C. § 504(c)(1). Recovery is permitted "in a sum of not less than $750 or more than $30,000." *Id.* Where a court finds the infringement was committed willfully, it may, in its discretion, enhance the statutory damages to a "sum of not more than $150,000." 17 U.S.C. § 504(c)(2); *see EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 508 (E.D. Va. 2009) ("Statutory damages are intended not merely for the restitution of profit or reparation of injury, but to deter wrongful conduct." (quoting *Graduate Mgmt. Admission Council v. Raju*, 267 F. Supp. 2d 505, 511 (E.D. Va. 2003))). Courts have wide discretion in determining the appropriate amount of damages in copyright cases. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32 (1952).

Plaintiff indicates that he usually charges "$300.00 per work" as a licensing fee, and asserts that Defendant's violation likely amounted to more than a singular violation of Plaintiff's copyright because Defendant was selling reproductions of Plaintiff's photographs of Ringo Starr, Mick Jagger, and Jimmy Page over the internet. (Pl.'s Mem. at 6; Pl.'s Mem. Supp. Default J. Ex. A [hereinafter Ex. A] ¶¶ 6, 8, ECF No. 32-1.)

Plaintiff further asserts that, had Defendant sought a license agreement in this case, he would have charged a higher royalty—likely in the amount of $3,000.00—because he would have anticipated greater income based upon such a use of his photographs. (Ex. A ¶ 8; ECF No. 34.)

It is difficult for this Court to ascertain the actual damages to Plaintiff in this matter as Defendant has failed to plead or respond in any way, *see EMI April Music, Inc.*, 618 F. Supp. 2d at 509 (considering the expenses saved by defendant in avoiding a licensing agreement, the profits reaped by defendant in connection with infringement, and the willfulness of defendant's infringement), and under such circumstances, courts have found that the minimum statutory award is appropriate, *see ME2 Prods., Inc. v. Ahmed*, 289 F. Supp. 3d 760, 763–64 (W.D. Va. 2018) (collecting cases). *But see EMI April Music, Inc.*, 618 F. Supp. 2d at 508–09 (collecting cases in which courts awarded statutory damages above the minimum allowed under § 504(c)(1)). However, in his affidavit and at oral argument in this matter, Plaintiff reiterated that, in his fifty years as a photographer, he has been licensing his photographs in amounts ranging from $300.00 to $5,500.00. Moreover, in the immediate case, Plaintiff's infringed works were not sold in conjunction with other photographs nor were they incorporated into a publication with other material; rather, the infringed works were the sole subject of the sales—sales that were available internationally.

Furthermore, the Court also recognizes that Defendant's behavior—the very same behavior that prevented Plaintiff from the benefit of discovery to better support his claim—counsels in favor of a finding of willfulness. *See Arista Records, Inc. v. Beker*

3

*Enters., Inc.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (collecting cases). Moreover, in reproducing and attempting to sell Plaintiff's works, Defendant made—at the very best—a cavalier assumption about the print owner's rights. *See Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 799–800 (4th Cir. 2001) (acknowledging other circuits have held that reckless disregard of a copyright holder's rights constitutes willful infringement).

Thus, exercising the wide discretion granted to it by the Copyright Act, the Court finds that Plaintiff is entitled to statutory damages in the amount of $1,500.00 per infringement, and that a $10,000 statutory enhancement is appropriate in this case to deter such future conduct. *See F.W. Woolworth Co.*, 344 U.S. at 231–32 (noting that district courts maintain wide discretion in setting damage amounts in copyright cases); *EMI April Music, Inc.*, 618 F. Supp. 2d at 508–09. Accordingly, an appropriate award of statutory damages in this case is $14,500.00.

In his Complaint, Plaintiff also seeks injunctive relief under 17 U.S.C. § 502(a). In order to obtain a permanent injunction against copyright infringement:

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007) (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) for proposition that irreparable harm is no longer presumed in such cases).

4

In this case, Plaintiff has shown copyright infringement based upon Defendant's use of Plaintiff's iconic photographs. (*See* Mem. Order (finding defendant admitted plaintiff's well-pleaded allegations of fact by his default and is concluded on those facts by judgment), ECF No. 33.) The nature of this kind of infringement suggests irreparable harm. Once a photograph has been displayed and seen, it is difficult to conceive of how such harm can be remedied—short of an effort to award damages. Furthermore, this difficulty speaks to the inadequacy of damages. *See EMI April Music, Inc.*, 618 F. Supp. 2d at 511 ("[W]here calculation of damages and profits for each future event might be possible, the impracticality of doing so because of the speculation and guesswork militates in favor of finding that money damages are inadequate remedies." (citing *Phelps*, 492 F.3d at 544)).

Moreover, the hardship to Defendant if the injunction were granted is slight: Defendant could seek to obtain a license to use Plaintiff's photographs. Yet, the hardship to Plaintiff if the injunction were denied is significant. Plaintiff would have to seek to enforce its copyright independently, which would require Plaintiff's time and resources. This hardship is not hypothetical as Plaintiff has appeared in this matter in an effort to achieve the very same end. The balance of the hardships therefore weighs in favor of issuing a permanent injunction.

"It is easy to understand that the public interest reflected in the Constitutional protection of copyright, and the congressional enactment of the Copyright Act, is enhanced by issuance of a permanent injunction where copyright infringement has taken place. . . . [, but] it is difficult to conceive of how such a permanent injunction will harm a

defendant who has willfully violated the copyright law." *Id.* (citations omitted). This notion is further supported by Defendant's willful failure to appear in this matter in any way. Accordingly, as Plaintiff has made the requisite showing, this Court finds that injunctive relief is appropriate in this case.

Finally, Plaintiff demanded attorney's fees and litigation costs as provided by the Copyright Act. 17 U.S.C. § 505; Compl. at 5. This determination is wholly within the court's discretion. § 505.

> In order to determine whether an award of attorney's fees should be made to a party under [] § 505, the Fourth Circuit has articulated four factors for consideration: 1) the motivation of the parties, 2) the objective reasonableness of the legal and factual positions advanced, 3) the need in particular circumstances to advance considerations of compensation and deterrence, and 4) any other relevant factor presented.

*EMI April Music, Inc.*, 618 F. Supp. 2d at 512 (citing *Diamond Star Bldg. Corp. v. Sussex Co. Builders, Inc.*, 30 F.3d 503, 505 (4th Cir. 1994)).

Plaintiff brought this suit to vindicate his rights under the Copyright Act, and—given that Defendant has failed entirely to respond—Plaintiff's position is made eminently more reasonable. *See id.* (suggesting Defendant's failure to respond weighs in favor of the reasonableness of Plaintiff's position). Furthermore, as mentioned *supra*, the Copyright Act takes seriously the need to deter future violations as it provides for enhanced damages in cases of willful conduct. *See* § 504(c)(2). Thus, the Court finds reasonable attorney's fees should be awarded to Plaintiff in this case. *See Diamond Star Bldg. Corp.*, 30 F.3d at 505; *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1003 (E.D. Va. 1985).

Plaintiff submitted a Declaration in support of his claim for attorney's fees in the amount of $9,624.57. (*See* Pl.'s Mem. at 8; Pl.'s Mem. Supp. Default J. Ex. C [hereinafter Ex. C], ECF No. 32-3.) Plaintiff detailed that the rate agreed upon for attorney's fees was "$300.00 for Mr. Sensenig and $135.00 for paralegal work." (Ex. C ¶ 3.) Through January 28, 2020, the legal fees amounted to $8,796.00, and the expenses associated were $828.57, totaling $9,624.57. (*Id.* ¶¶ 4–5.) Having reviewed Plaintiff's request, the Court finds the attorney's fees and costs are reasonable.

Accordingly, based upon this Court's February 24, 2020 Memorandum Order and the July 1, 2020 hearing, the Court AWARDS Plaintiff damages against the Defendant in the aggregate amount of $14,500.00, itemized as follows: (1) statutory damages pursuant to 17 U.S.C. § 504, in the amount of $1,500.00 per infringement; and (2) an enhancement pursuant to 17 U.S.C. § 504 in the amount of $10,000.00. Additionally, pursuant to 17 U.S.C. § 505, the Court further AWARDS Plaintiff attorney's fees and costs—$8,796.00 in attorney's fees and $828.57 in costs—totaling $9,624.57. Finally, pursuant to 17 U.S.C. § 502(a), the Court GRANTS Plaintiff's request for a permanent injunction against Defendant and ORDERS that Defendant, and its employees, agents, officers, directors, successors, affiliates, subsidiaries, and assigns, are hereby ENJOINED from:

1. Directly or indirectly infringing Plaintiff's works—specifically, his photographs of Ringo Starr, Mick Jagger, and Jimmy Page;

2. Continuing to market, sell, offer, reproduce, develop or manufacture any works derived or copied from Plaintiff's abovementioned works; and

3. Participating or assisting in any such activity.

7

Thus, Plaintiff's Motion for Entry of Final Judgment is GRANTED IN PART (ECF No. 31). This case is CLOSED. The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED.

_____ /s/
Henry E. Hudson
Senior United States District Judge

Date: **July 2, 2020**
Richmond, Virginia

8